UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TONY CURTIS BARRINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  09-2396 (ESH) |
| | ) | |
| ROBERT GIBBS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's *pro se* complaint, as well as his faxed response to defendants' motion. For the reasons stated below, the Court will dismiss the complaint.

Plaintiff, who is proceeding *in forma pauperis*, brings this action against Hillary Clinton, Secretary of State, and Robert Gibbs, White House Press Secretary. *See* Compl. (caption). Referring to provisions of the federal criminal code pertaining to racketeering enterprises, *see* 18 U.S.C. §§ 1959 and 1961, extortion and threats, *see* 18 U.S.C. §§ 871-72, 875 and 878, and unlawful acts of revenue officers or agents, *see* 26 U.S.C. § 7214, among others, the complaint merely alleges that plaintiff "ha[s] money held in the US Treasury and [a vehicle is] being withheld[.]" Compl. at 1. He demands judgment in an undetermined sum. *Id.* Defendants move to dismiss the complaint on the ground that the complaint is frivolous or, alternatively, on the ground that its factual allegations "fail[] to meet the plausibility standard articulated in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)." Mot. to Dismiss and to Quash Subpoena ¶ 2.[1]

---

[1] The court granted defendants' motion to quash subpoenas by minute order on December 29, 2009.

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Supreme Court instructs that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). A plaintiff must offer "more than labels and conclusions" to provide "grounds" of "entitle[ment] to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

If the allegations of the complaint are to be believed, at most, plaintiff establishes that the United States Department of the Treasury withholds funds to which he is entitled, and that unspecified persons or entities unlawfully are holding his vehicle. There are no allegations that the named defendants are responsible for these events, or that plaintiff otherwise is entitled to any relief. Moreover, certain of the criminal statutes on which plaintiff relies do not give rise to a private right of action. *See Clements v. Chapman*, 189 Fed. Appx. 688, 692 (10th Cir. 2006) (affirming dismissal of claims under 18 U.S.C. §§ 872, 875(c), among others, on the ground that these federal statutes do not provide for a private cause of action); *Alexandre v. Phibbs*, 116 F.3d 482 (9th Cir. 1997) (dismissing extortion claim under 18 U.S.C. § 1951); *Stewart v. United States*, 578 F. Supp. 2d 30, 35-36 (D.D.C. 2008) (dismissing claim under 26 U.S.C. § 7214); *cf.*

*Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) ("criminal statutes [ ] do not convey a private right of action"); 28 U.S.C. § 547(1) (the United States Attorney "shall prosecute for all offenses against the United States")). And the mere mention of the criminal statutes pertaining to a racketeering enterprise, *see* 18 U.S.C. §§ 1959 and 1961, are not sufficient to state a claim. *See Howard v. America Online Inc.*, 208 F.3d 741, 748-51 (9th Cir. 2000) (affirming dismissal of a RICO claim based on conclusory allegations that failed to set forth the requisite elements).

    The Court will dismiss the complaint and this civil action without prejudice on the ground that it fails to state a claim on which relief can be granted. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

|  |  |
|---|---|
|  |    /s/    |
|  | ELLEN SEGAL HUVELLE |
| Date: February 2, 2010 | United States District Judge |